{¶ 50} While I concur in the judgment, I am troubled by the agency's almost exclusive focus upon the appellant's past history to provide the justification for seeking permanent custody of the new born child. I agree that a juvenile court should not be forced to experiment with the welfare of a child where there is a solid basis to deduce that allowing the child to be with the parent may result in harm. That being said, even this proposition has its limits. Where a significant passage of time and circumstances has occurred, a court must rely on more than a parent's past history when deciding whether current conditions warrant a finding of dependency and/or making an award of permanent custody.
 {¶ 51} Here, despite the passage of two years and appellant's voluntary completion of parenting classes, the agency's evidence consisted almost solely of Appellant's previous unsanitary home conditions and poor parenting skills from cases in 1999, 2000, and 2002. In the 1999 and 2000 proceedings, the court did not find it necessary to award permanent custody to the agency. Instead, it placed the other children with their father. The 2002 case consisted of transferring custody from the children's father to their paternal grandmother. Thus, it focused upon the father and contained no allegations of misconduct on the appellant's part. During the adjudicatory hearing, the agency failed to introduce any evidence of a home study to support its contention that Appellant's home is currently unsuitable for raising a child. Instead, the agency chose to focus solely on cases involving Appellant's four older children, who were removed several years prior to this case. Without some indication that past conditions had not improved, despite appellant's completion of parenting classes, this approach is troublesome. This is especially true where the agency admits, as it did here, that it always seeks permanent custody of new born children when the mother has a history of past agency involvement that resulted in a transfer of custody. In response to cross-examination from appellant's counsel during the dispositional hearing, Ms. Ferguson indicated that no matter how distant the past history, the agency seeks a finding of dependency in every case where the parent has had another child. According to her, this is an agency policy where the agency considers the past history to be "serious." It then proceeds to seek permanent custody based upon those prior contacts despite the passage of time.
 {¶ 52} In my view, the agency should focus more on current conditions, rather than past contacts, in establishing both dependency and the need for permanent placement. In those cases, where the agency believes that the parent's cognitive ability is so lacking that the individual is not capable of improving her past parenting skills, it should introduce some expert testimony to that effect.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J.: Concurs in Judgment Opinion with Concurring Opinion McFarland, J.: Dissents.